UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID FOSTER,
        Plaintiff,

   v.

CITY OF SOUTH LAKE TAHOE and NANCY KERRY,
        Defendants.

No. 2:16-cv-02840-JAM-EFB

**ORDER**

This case involves a dispute between Plaintiff David Foster and the City of South Lake Tahoe ("City") and Nancy Kerry, City Manager for the City of South Lake Tahoe (collectively, "Defendants"). Defendants filed a Rule 12(b)(1) motion to dismiss. ECF No. 4. While evaluating that motion, the Court discerned a Rule 12(b)(6) issue regarding Foster's § 1983 claim. Concluding that this Court had jurisdiction, the Court denied Defendants' motion, but ordered supplemental briefing on the Rule 12(b)(6) issue. See Min. Order, ECF No. 9. For the reasons stated below, the Court concludes Foster failed to state a § 1983 claim.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

In April 2015 the City commissioned a sculpture to be built at Champions Plaza to celebrate local athletes and their accomplishments in the 2014 Winter Olympics. See Compl., ECF No. 1, ¶ 9. The City opened a bidding process and eventually selected Foster's "Olympic Flame" design. See id. ¶ 11. The parties executed a written contract, see id. ¶ 12, and then Foster began making maquettes (i.e., three-dimensional versions of his design), see id. ¶¶ 12-15. After Foster submitted his third maquette, the City terminated the contract and refused to reimburse him for his expenses. See id. ¶¶ 15-16. Foster sued Defendants, bringing a Fifth Amendment § 1983 claim, a breach of contract claim, and a misappropriation of intellectual property claim. See Compl. at 5-8.

II. OPINION

A. Sua Sponte Rule 12(b)(6) Challenge

A court may dismiss a claim sua sponte for failure to state a claim. See Vahora v. Masood, No. 16-1624, 2017 WL 1213423, at *15 (E.D. Cal. Apr. 3, 2017) (internal citation omitted).

1. Defendant Kerry

The Court dismisses Foster's § 1983 claim against defendant Kerry because Foster improperly sued her in her official capacity. See Harmon v. Cty. of Sacramento, No. 12-2758, 2016 WL 319232, at *18 (E.D. Cal. Jan. 27, 2016) (federal district courts routinely dismiss official-capacity claims as duplicative or redundant when a plaintiff also brings the same § 1983 claim

---

scheduled for March 7, 2017. In deciding this motion, the Court takes as true all well-pleaded facts in the complaint.

against a municipality) (internal citations omitted).

### 2. The City

Foster argues this Court may dismiss a claim <u>sua sponte</u> for failure to state a claim only if the plaintiff cannot possibly win relief. <u>See</u> Pl.'s Suppl. Br. at 1. <u>Vahora</u>, 2017 WL 1213423 at *15 (internal citation omitted). But where, as here, a court notifies a plaintiff, that plaintiff must meet Rule 8(a)'s plausibility standard to survive the court's <u>sua sponte</u> challenge. <u>Vahora</u>, 2017 WL 1213423 at *15 (internal citation omitted).

Foster has not done so. He alleges "Defendants violated the Takings Clause when [they] took [his] designs, maquettes, and labor, for public use and without just compensation." Compl. ¶ 25. That does not suffice to state a <u>Monell</u> claim. <u>See Monell v. Dep't of Soc. Servs. of the City of New York</u>, 436 U.S. 658, 694–95 (1978) (holding that a plaintiff must show the municipality had a policy or custom that violated plaintiff's federally protected rights). Because Foster's complaint does not allege a policy or custom as the moving force behind his alleged constitutional violation, the Court dismisses Foster's § 1983 claim for failure to state a <u>Monell</u> claim. This Court finds, however, that further amendment would not be futile and will give Plaintiff one more opportunity to try to properly plead his § 1983 claim against the City. <u>See DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

### B. State Law Claims

That two remaining claims brought by Foster are state law claims for breach of contract and misappropriation of

intellectual property.  The Court intends to decline to exercise supplemental jurisdiction over these claims if Foster elects not to amend his complaint to include a § 1983 claim-the only claim over which this Court has original jurisdiction.  See 28 U.S.C. § 1367(c)(3).

### C. Sanctions

This Court enforces page limits for briefs, see ECF No. 3-2 ("Filing Requirements Order"), and a violation results in monetary sanctions, see id.  Defendants' reply brief for their Rule 12(b)(1) motion to dismiss exceeded those limits.  See Reply, ECF No. 7 (8 pages); see Filing Requirements Order at 1 (imposing 5-page limit for reply briefs and charging $50.00 for each additional page).  The Court sanctions Defendants $150 for violating the Order.

### III.  ORDER

For the reasons set forth above, the Court dismisses all claims against defendant Nancy Kerry with prejudice and dismisses Foster's § 1983 claim against the City with leave to amend. Foster shall file his amended complaint within twenty days of the date of this Order and the City shall file its responsive pleading within twenty days thereafter. If Foster elects not to file an amended complaint this case will be dismissed without prejudice.  Finally, Defendants shall pay the Court $150 no later than April 26, 2017.

IT IS SO ORDERED.

Dated: April 21, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE